### STATE v. CLEVELAND SERMONS.

(Filed 24 February, 1915.)

**1. Fish and Oysters—Protection—Police Powers.**

　　Fish, including oysters, and other shellfish, etc., are a valued source of food supply, coming within the police power of the State, and are subject to the rules and regulations reasonably designed to protect them and to promote their increase and growth, and such rules and regulations may not be set aside and ignored because they indirectly affect or trench upon some private rights that are or would be ordinarily recognized.

**2. Same—Statutes—License—Dealers—Private Beds.**

　　Revisal, sec. 2411, providing for issuing a license to persons engaged in the purchasing, etc., of oysters, directing that the license shall not be issued prior to 15 November, and shall expire on the 15th of the following March; and Revisal, sec. 2395, making it a misdemeanor for any one to engage in said business without having obtained the license required, make the rights of private owners of oyster beds subservient to their provisions, they being a reasonable police regulation to promote the increase and growth of oysters, etc.; but where the dealer is one who buys oysters from the private owner of oyster beds, and conducts his business without the license required, the rights of the owner of the beds are not involved, but the right of the dealer to transact his business in violation of a positive statute.

**3. Same.**

Revisal, sec. 2383, as amended by chapter 967, Laws 1907, and chapter 85, Laws 1913 (Gregory's Supplement), cannot be construed together with the effect that the license is not required when oysters are shown to have been procured from private owners, there being no necessary or essential connection between the two, the first applying to all citizens of the State, and forbidding them to buy or sell oysters taken from public grounds or natural beds during a closed season, etc., and the other being a law referring only to regular dealers, requiring that they shall be licensed, and designed to render more effective the legislation in protection of the fish and oyster industries of the State.

**4. Fish and Oysters—Statutes—License—Closed Season—Mandamus.**

Where a dealer in oysters applies for a license at the time when the statute forbids its issuance (Revisal, sec. 2411), and is refused, it affords no defense for his continuing to do business as such; and should the license have been wrongfully refused, his recourse is to apply to the courts for mandamus to compel its issuance.

APPEAL by the State from *Carter, J.,* at October Term, 1914, of HYDE.

Criminal action, heard on appeal from a justice's court.

The relevant facts embodied in a special verdict and the proceedings and judgment of the court thereon are as follows:

"The jury having heretofore been duly impaneled, returned into court the following special verdict:

"'That for twenty years last past the oyster bed in Hyde County known as Judith Narrows has been granted by the State of North Carolina, according to the law, and is now the private property of one Makely, who holds absolute title to same. That said oyster grounds are not now the property of the State of North Carolina; that on or about 19 October the defendant purchased from the owner of said private oyster beds a quantity of oysters which the owner had taken from said private oyster beds. That on said date, between 5 April, 1914, and 15 November, 1914, the said defendant sold said oysters as a dealer without State license, according to section 2411 of the Revisal, to parties in Swan Quarter, Hyde County. That before said defendant began to offer said oyters for sale, and between 5 April, 1914, and 15 November, 1914, he applied to the proper party for license, under said section of the Revisal, to sell said oysters, and that same was refused. That the defendant has not dealt in any oysters nor has he sold any oysters that did not come from the private oyster bed property, and has dealt in no oysters that came from the public grounds of the State of North Carolina.

"'If upon these facts the court be of opinion that the defendant is guilty, we, the jury, find him guilty; but if the court be of opinion that he is not guilty, we find him not guilty.'

"Upon said special verdict found by the jury the court was of opinion that the defendant was not guilty, and adjudged that defendant be discharged."

The State excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Spencer & Spencer and Ward & Thompson for defendant.*

HOKE, J. Section 2411 of the Revisal of 1905 provides for issuing license to persons engaged in the business of purchasing, canning, packing, shucking, or shipping of oysters, and directs that no such license shall be issued prior to 15 November and that same shall expire on 15 March following. Section 2395 makes it a misdemeanor for any one to engage in said business without having obtained the license as required.

The defendant, having sold oysters as a dealer and without having license so to do, comes directly within the terms and meaning of the law, and we see no valid reason why a verdict of guilty should not have been entered.

It is fully established that fish, including oysters and other shellfish, as well as game, being a valued source of food supply, come well within the police power of the State and are subject to rules and regulations reasonably designed to protect them and promote their increase and growth, and that such rules and regulations may not be set aside or ignored because they indirectly affect or trench upon some private rights that are or would be ordinarily recognized. *Daniels v. Homer,* 139 N. C., 219; *Rea v. Hampton,* 101 N. C., 51; *Patsone v. Pa.,* 232 U. S., 138; *Siltz v. Hesterberg, Sheriff,* 211 U. S., 31; *Lawton v. Steele,* 152 U. S., 142.

It is chiefly urged for defendant that a conviction should not be had because it appears that the dealer in this instance had procured the oysters from an individual owner of the oyster grounds; but the statute makes no such exception, and we are not aware of any principle sustaining the position. The provisions establishing a closed season and requiring dealers to operate only under a regular license are among the usual methods of regulating the industry, and it is well understood that the rights of individual owners are also subject to reasonable State regulations affecting their interests. *S. v. Sutton,* 139 N. C., 574; *S. v. Gallop,* 126 N. C., 983; 13 A. and E. (2 Ed.), pp. 573 *et seq.*

As a matter of fact, however, the rights of the individual owner are not involved in this case, and the State here is not undertaking to regulate his right to use or dispose of his property, but only the right of this defendant, a public dealer, to transact his business without license and in violation of positive law. True, it is said that he had applied for a license and been refused, but he applied at a time when the law provided that a license should not be issued. Revisal, sec. 2411. And, even if entitled thereto, he could not test his right by carrying on his business

without it, but he should have applied for mandamus compelling the oyster commissioner or other proper person to give him protection which he claimed the law and facts afforded. *S. v. Snipes,* 161 N. C., 242.

It was further contended that as section 2383 of Revisal as amended by chapter 967, 1907, and chapter 85, 1913, Gregory's Supplement, sec. 2383, only prohibited persons from buying or selling oysters from public grounds, this should be construed in connection with section 2395, with the effect that this latter section does not apply when oysters are shown to have been· procured from private owners. But there is no necessary or essential connection between the two sections; the first applying to any and all citizens of the State and forbidding that they should buy or sell oysters taken from public grounds or natural beds during a closed season except in specified and very restricted instances, and the other being a law referring only to regular dealers in the oyster business, providing that they could only sell, etc., when regularly licensed to do so, and intended and reasonably designed to render more effective the legislation in protection of the fish and oyster industry of the State.

There is error, and this will be certified that, on the facts as established, a verdict of guilty should be entered.

Reversed.