## STATE v. CHARLIE DOCKERY.

(Filed 31 May, 1916.)

**1. Criminal Law—Affray—Deadly Weapon—Courts—Jurisdiction.**

Where one of the parties to an affray has used a deadly weapon, the offense is cognizable in the Superior Court, though the other party had no deadly weapon at the time.

**2. Criminal Law—Warrant—Service—Appearance—Waiver.**

Where the accused voluntarily appears and defends a criminal charge brought against him in a court having jurisdiction, he waives service of the warrant and the fact that it was not sworn to.

**3. Criminal Law—Justice's Court—Collusion—Pleas—Former Conviction—Special Verdict—Appeal and Error.**

Where collusion is shown between the court of a justice of the peace, having tried the case, and the defendant accused of a criminal offense, the judgment should be declared void; and where it is shown by special verdict that the uncle of the defendant, at the instance of his father, had sworn out the warrant for an affray, in which the other had used a deadly weapon, and upon this trial no witness was sworn except the uncle, and the justice of the peace had previously agreed to "fix the matter" so that the defendant would not have to go before the Superior Court, it is *Held,* in the Supreme Court, on appeal, that the plea of former conviction was unavailing to the defendant, and judgment should be entered against him in the Superior Court on the special verdict.

APPEAL by the State from *Ferguson, J.,* at November Term, 1915, of CHEROKEE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*No counsel contra.*

CLARK, C. J. This is an appeal by the State on a judgment upon a special verdict on an indictment for an affray. The defendant Charlie Dockery and one Lovin were parties to an affray in which a deadly weapon was used by the defendant Lovin.

It appears from the special verdict that the defendant having sworn out a warrant against Lovin for the assault upon him with a pistol, said Lovin waived an examination and was bound over to the Superior Court; that the solicitor sent a bill against both Lovin and 'Dockery for an affray, which was returned a true bill, to which the defendant Dockery pleaded former conviction. The special verdict further found that at the instance of the father of the defendant Dockery, William Killian, who was an uncle of the defendant, applied to a justice of the peace to know if he could not "fix the matter" so that Dockery would not have to appear in the Superior Court; said justice said he could so fix it, and directed Killian and his nephew, the defendant 'Dockery, to appear the following Monday, at which time, upon an affidavit signed by Killian, the warrant was issued, but not given to any officer, and the defendant, without the examination of any witnesses except said uncle, was fined $2.50.

In the recent case, *S. v. Lancaster,* 169 N. C., 285, the Court said: "In *S. v. Coppersmith,* 88 N. C., 614, it was held that an affray is cognizable in the Superior Court as to both defendants where it appeared that a deadly weapon was used by either. This has been cited and approved in *S. v. Albertson,* 113 N. C., 634. To same effect, *S. v. Ray,* 89 N. C., 587, and cases cited to both cases in the Anno. Ed. If Parker, not having used a deadly weapon, had been convicted or acquitted before a justice of the peace, this would have been a full defense as to him. *S. v. Fagg,* 125 N. C., 609."

The *charge* of an affray, though one of the parties did not use a deadly weapon, confers jurisdiction as to both defendants; but if the one who has not used a deadly weapon has been already tried and convicted, or acquitted, before a justice, the plea of former conviction would be good. The sole question, therefore, is whether the defendant Dockery has been tried in the court of the justice of the peace—for the jury finds that he did not use a deadly weapon—or was there such collusion that the proceeding was a nullity? We think the court should have held the proceeding before the justice invalid.

According to the special verdict, the warrant was issued at the instance of the father and uncle of the defendant, and the defendant appeared without the warrant having been served. He could have waived service,

STATE v. DOCKERY.

and he could also have waived the fact that it does not appear that the warrant, though signed by Killian, was sworn to. It was not necessarily collusion because the warrant was issued at the instance of his father and uncle, though it was certainly not a seemly proceeding. But the verdict finds further that the warrant was issued upon an agreement by the justice that he would "fix the matter so that the defendant would not have to go before the Superior Court," and further that there was no examination of witnesses except said uncle, who had procured this arrangement; and the justice, without other evidence, and, therefore, without any real trial, but in pursuance of the agreement practically with the defendant himself to keep him out of the Superior Court, fined the defendant $2.50. Such proceedings were collusive, and cannot have the effect of a legal conviction that would bar further proceedings in the Superior Court.

Legal proceedings must be, as Cæsar would have his wife, "not only without wrong, but above suspicion." The judgment here was by agreement and for the benefit of the defendant, and was rendered without proper evidence. It cannot be treated as possessing any validity in the eye of the law. Lovin and other witnesses should have been summoned so the justice could have heard both sides.

S. v. Cale, 150 N. C., 805, relied on by the defendant, cannot protect him. In that case it is true that the Court held that a defect in the warrant or arrest or in the deputization of a special officer was waived by the appearance in court of the defendant. But there the affidavit was made by a third party; several eye-witnesses were summoned and examined at the trial, and the assaulted party and his brothers, who were eye-witnesses, were notified of the time of trial, and the court waited for their appearance, though they did not attend the trial. The Court held on those facts that though the defendant himself asked for the warrant to issue, it was issued in fact upon the affidavit of a third party, and the eye-witnesses were summoned and examined, and the opposite party to the affray and his witnesses were summoned. The Court held thereupon that there was a valid trial and disposition of the cause by the justice, and that there was no evidence of collusion.

Upon the facts found in the special verdict there is evidence of an agreement and collusion between the defendant Dockery and his uncle and father on one hand and the justice on the other; no witnesses were examined except defendant's uncle, who had made the agreement with the justice; and the judgment rendered was collusive and a nullity. The court should have so held and rendered judgment accordingly. When the case goes back judgment should be rendered against the defendant on the plea of former conviction upon the special verdict. S. v. Moore, 136 N. C., 581.

Reversed.