ROBERT D. BRYANT, AND WIFE, BRUNHILDE S. BRYANT, PLAINTIFFS V. WILLIAM T. HOGARTH, FISHERIES DIRECTOR, DIVISION OF MARINE FISHERIES AND THE (NORTH CAROLINA) MARINE FISHERIES COMMISSION AND JONATHAN HOWES, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, AND NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, BY AND THROUGH ITS REGISTERED AGENT, RICHARD B. WHISNANT, DEFENDANTS

No. COA96-93

(Filed 5 August 1997)

1. **Courts § 5 (NCI4th); Pleadings § 144 (NCI4th)— subject matter jurisdiction—failure to exhaust administrative remedies**

An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction when the plaintiff has failed to exhaust its administrative remedies. N.C.G.S. § 1A-1, Rule 12(b)(1).

BRYANT v. HOGARTH

[127 N.C. App. 79 (1997)]

## 2. Fish and Fisheries § 21 (NCI4th)— lands under navigable waters—public trust—franchise for shellfish

While the State holds title to lands under navigable waters in public trust for the use and benefit of all its citizens, the State may permit the exclusive use of such lands by private individuals, *i.e.*, a franchise, for specified purposes, such as shellfishing.

## 3. Fish and Fisheries § 21 (NCI4th)— franchise to cultivate shellfish—designation of area as PNA—prohibition of mechanical harvesting—not taking—judicial review— exhaustion of administrative remedies

The Marine Fishery Division's designation of a submerged area for which plaintiffs have a franchise to cultivate shellfish as a primary nursery area and the denial of a permit to harvest shellfish within the area by mechanical means did not constitute a taking under N.C.G.S. § 113-206(d) which was subject to judicial review under N.C.G.S. § 113-206(e) without resort to the administrative remedies of N.C.G.S. Ch. 150B. Furthermore, plaintiffs' complaint failed to state a claim for a compensable taking under N.C.G.S. § 113-206(e) where it alleged that their deed of purchase of the franchise was filed more than five years after the area was designated as a primary nursery area and administrative rules prohibiting the mechanical harvesting of shellfish within such an area were adopted.

## 4. Administrative Law and Procedure § 55 (NCI4th)— aggrieved parties—contested case

Plaintiffs who were denied permits by the Marine Fisheries Division to harvest shellfish mechanically in a tract of submerged land for which they have a shellfish franchise were "aggrieved parties" who could initiate a "contested case" with the Office of Administrative Hearings. N.C.G.S. § 150B-2(6).

## 5. Fish and Fisheries § 21 (NCI4th)— shellfish franchise— mechanical harvesting—permit denials—judicial review— failure to exhaust administrative remedies

The superior court did not have subject matter jurisdiction to review the Marine Fisheries Division's denial of plaintiffs' applications to allow mechanical harvesting of shellfish in submerged lands for which plaintiffs had a franchise to cultivate shellfish where plaintiffs failed to pursue administrative appeals of the denials of their applications and failed to plead futility or inadequacy as grounds for failing to pursue administrative

**BRYANT v. HOGARTH**

[127 N.C. App. 79 (1997)]

review. Plaintiffs could not by separate action collaterally attack the denials of their permit applications by claiming that such denials constituted a taking of their franchise under N.C.G.S. § 113-206(d).

Appeal by plaintiffs from order entered 15 September 1995 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 8 October 1996.

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for plaintiffs-appellants.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General J. Allen Jernigan, and Assistant Attorney General David W. Berry, for defendants-appellees.*

JOHN, Judge.

Plaintiffs appeal the trial court's order granting defendants' "motion to dismiss for lack of subject matter jurisdiction." The court determined plaintiffs "failed to exhaust the administrative remedies provided by the N.C. Administrative Procedure Act, N.C. Gen. Stat. § 150B-1 *et seq.*" We affirm the ruling of the trial court.

Relevant background information and procedural history are as follows. In 1969, Mrs. Garland W. Yopp (Yopp), plaintiffs' predecessor in title to the franchise to cultivate and harvest shellfish (the franchise) at issue herein, registered her claim pursuant to N.C.G.S. § 113-205 (1994) to the franchise applicable to approximately 38 acres of Onslow County submerged land (the tract) in Chadwick's Bay. Yopp's claim was based on grants issued to predecessors in title conferring a perpetual franchise for the purpose of raising and cultivating shellfish in the tract. 1887 N.C. Sess. Laws ch. 90, repealed by 1889 N.C. Sess. Laws ch. 298.

Subsequent to Yopp's application, the Marine Fisheries Commission (MFC) designated the waters of Chadwick's Bay a "Primary Nursery Area" (PNA) effective 1 November 1977. Former N.C. Admin. Code (NCAC) tit. 15 r. 3B.1405(m)(4), now codified as NCAC tit. 15A r. 3R.0103(13)(d) (April 1997). Prior to resolution of Yopp's claim but following the PNA designation, title to the franchise passed to plaintiffs by general warranty deed filed 25 August 1982.

Acting on Yopp's original claim, the Secretary of the North Carolina Department of Natural Resources and Community

Development (now North Carolina Department of Environment, Health and Natural Resources (DEHNR)) notified plaintiffs by letter dated 18 June 1985 that the State officially recognized the franchise under G.S. § 113-205 as "a limited interest" *vis à vis* claims of other private claimants for the "purpose of cultivating shellfish." Plaintiffs thus were acknowledged to hold an exclusive franchise to cultivate shellfish in the tract as against the State, but the latter reserved judgment as to the validity of plaintiffs' claims *vis à vis* claimants other than the State.

The Secretary's letter, while conceding plaintiffs' title, also stated the tract had been designated a PNA and consequently that "the use of mechanical or other bottom-disturbing gear to harvest shellfish in the area [wa]s prohibited." However, other means of harvesting, such as hand "tonging" and raking, were not precluded in such areas. PNA classifications were effected to protect juvenile populations of economically important seafood species, such as shrimp and finfish, in fragile estuarine areas from environmentally destructive bottom-disturbing fishing gear. *See* NCAC tit. 15A r. 3N.0101 and 3N.0104 (April 1997).

On four separate occasions between 1985 and 1992, plaintiffs sought a permit from the Marine Fisheries Division (MFD) of DEHNR to harvest shellfish mechanically in the tract. On each occasion, the request was denied based upon the PNA designation conferred by the predecessors of NCAC tit. 15A r. 3R.0103(13)(d) (April 1997), which prohibited mechanical harvesting in such areas. On none of the four occasions did plaintiffs pursue administrative appeal of denial of their application.

Plaintiffs filed the instant declaratory judgment and condemnation action 10 June 1993. Plaintiffs first sought a declaration that MFD lacked authority to prohibit mechanical harvesting in the tract. In their second claim, plaintiffs alleged that designation of the tract as a PNA and refusal to allow use of mechanical harvesting therein rendered their interest in the land worthless, and thus constituted a regulatory taking entitling them to compensation under N.C.G.S. § 113-206(e). Defendants filed answer which included a motion to dismiss for lack of subject matter jurisdiction pursuant to N.C.R. Civ. P. 12(b)(1) on grounds plaintiffs had failed to exhaust the administrative remedies provided in G.S. § 150B-1 *et seq.* Following a hearing, the trial court granted defendants' motion in an order entered 15 September 1995. Plaintiffs filed timely notice of appeal, setting

out the court's grant of defendants' motion as their sole assignment of error.

**[1]** A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be raised at any time. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E.2d 567, 571 (1978), *disc. review denied*, 296 N.C. 583, 254 S.E.2d 32 (1979). Subject matter jurisdiction is a prerequisite for the exercise of judicial authority over any case or controversy. *Harris v. Pembaur*, 84 N.C. App. 666, 667-68, 353 S.E.2d 673, 675 (1987). An action is properly dismissed under the Rule for lack of subject matter jurisdiction when the plaintiff has failed to exhaust its administrative remedies. *Flowers v. Blackbeard Sailing Club*, 115 N.C. App. 349, 352-53, 444 S.E.2d 636, 638-39 (1994), *disc. review denied as improvidently granted*, 340 N.C. 357, 457 S.E.2d 599 (1995) (collateral attack on permit application in trespass action properly dismissed for lack of subject matter jurisdiction when plaintiff failed to appeal permit decision through administrative channels); *see also Concerned Citizens v. N.C. Environmental Management Comm'n.*, 89 N.C. App. 708, 711, 367 S.E.2d 13, 15 (1988) (summary judgment dismissing complaint affirmed because failure to seek judicial review of permit decision was "insurmountable bar to plaintiff's claim for declaratory judgment and injunctive relief"). "[W]here the legislature has established by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979) (citations omitted).

**[2]** The State holds title to lands under navigable waters, such as Chadwick's Bay, in public trust for the use and benefit of all its citizens. *State ex rel. Rohrer v. Credle*, 322 N.C. 522, 525-26, 369 S.E.2d 825, 827-28 (1988). However, the State may permit the exclusive use of such lands by private individuals, *i.e.*, a franchise, for specific purposes, such as shellfishing, *id.* at 527, 369 S.E.2d at 828, and has enacted statutes to facilitate such use. *See* G.S. § 113-201 *et seq.* Indeed, plaintiffs' predecessor in interest obtained a perpetual franchise to cultivate shellfish in the tract pursuant to such a grant. 1887 N.C. Sess. Laws ch. 90.

In an effort to clear title on submerged lands so as to preserve the rights asserted by various individuals, the General Assembly enacted G.S. § 113-205 in 1965. *Rohrer*, 322 N.C. at 531, 369 S.E.2d at 830. The statute provides: "All rights and titles not registered in accordance with this section on or before January 1, 1970, are hereby declared

null and void." G.S. § 113-206 established procedures for the resolution of G.S. § 113-205 private claims of title to a bed and fishery rights in submerged lands under navigable waters. *Rohrer*, 322 N.C. at 532, 369 S.E.2d at 830-31. An individual claiming application of G.S. §§ 113-205 or 113-206 "has deprived him of his private property rights in land under navigable waters . . . without just compensation" may appeal to the superior court in the county where the land is situated. G.S. § 113-206(e). Under the statute, therefore, the superior court is accorded subject matter jurisdiction only over appeals of denial of a claim of title or franchise asserted pursuant to G.S. § 113-205.

[3] Plaintiffs contend recognition of their franchise claim limited by designation as a PNA constituted a taking under G.S. § 113-206(d) and therefore was subject to judicial review under G.S. § 113-206(e) without resort to the administrative remedies of G.S. § 150B. Plaintiffs maintain the statute applies in all instances where a claimant has asserted any right in submerged land superior to that of the general public. Notwithstanding plaintiffs' arguments, we conclude the section is inapplicable to MFD's denial of a permit to harvest shellfish by mechanical means within submerged lands.

First, plaintiffs' reasoning confuses grant of a franchise, exclusive to the claimant, to harvest shellfish on a given tract of submerged land, with issuance of a permit designating the methods an exclusive franchise holder may employ in harvesting shellfish thereon. The circumstance that acquisition of a franchise may exclude all others from harvesting shellfish in a given tract does not necessarily preclude limitation upon the harvesting processes utilized by the exclusive franchisee.

Further, plaintiffs' franchise was not acquired free of government regulation. *See State v. Sermons*, 169 N.C. 285, 287, 84 S.E. 337, 338 (1915) (shellfish come well within police power of State and "are subject to rules and regulations reasonably designed to protect them and promote their increase and growth"). Indeed, the very statute granting the franchise to plaintiffs' predecessor in interest also gave the shellfish commissioners exclusive jurisdiction and control over shell-fisheries covered by the legislation. 1887 N.C. Sess. Laws ch. 90 § 1. As our Supreme Court recently affirmed in *RJR Technical Co. v. Pratt*, 339 N.C. 588, 453 S.E.2d 147, *reh'g denied*, 340 N.C. 118, 456 S.E.2d 319 (1995),

[t]he right of fishing in the navigable waters of the State belongs to the people in common, to be exercised by them with due

regard to the rights of each other, and cannot be reduced to exclusive or individual control either by grant or by long user by any one at a given point.

*Id.* at 591, 453 S.E.2d at 149 (quoting *Bell v. Smith*, 171 N.C. 116, 118, 87 S.E. 987, 989 (1916)). *See also State v. Sutton*, 139 N.C. 574, 575, 51 S.E. 1012, 1012 (1905) ("[t]he right to regulate fisheries, even on private property, is settled beyond controversy"); *Rea v. Hampton*, 101 N.C. 51, 55, 7 S.E. 649, 651 (1888) ("[a]s the Legislature has the undoubted right to regulate the manner in which the right of fishing . . . should be exercised, the plaintiffs have no *right* to fish in its water in any mode not allowed by law").

In addition, we note the tract was designated a PNA 1 November 1977 and that the administrative rules prohibiting mechanical harvesting of shellfish in such waters were adopted the same date. Plaintiffs' deed for purchase of the franchise was filed 25 August 1982, more than five years later. Accordingly, plaintiffs' complaint failed to allege a claim of compensable taking under G.S. § 113-206(e) in consequence of the tract being subject to the challenged PNA restriction at the time of acquisition. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1029, 120 L. Ed. 2d 798, 821 (1992) (existing regulation distinguished from future regulation for purposes of a "taking"; "newly legislated or decreed" regulation which prohibits all economically beneficial use of land without compensation constitutes a taking, but latter does not occur and no compensation required when one is barred by rules existing at time title to property acquired); see also *Hughes v. Hwy. Comm. & Oil Co. v. Hwy. Comm. & Equip. Co. v. Hwy. Comm.*, 275 N.C. 121, 130, 165 S.E.2d 321, 327 (1969) (purchaser with notice is chargeable with knowledge he would have acquired had he exercised ordinary care to ascertain truth concerning matters affecting his property interest).

Regulation of the cultivation and harvest of shellfish has been assigned by the General Assembly to MFC, N.C.G.S. §§ 113-201 *et seq.* (1994); *see also* N.C.G.S. § 113-134 (1994), and N.C.G.S. § 143B-289.4 (1993); which in turn has delegated responsibility for issuance of permits for shellfish harvesting to MFD. NCAC tit. 15A r. 3K.0401 (April 1997). Plaintiffs' dispute was therefore with MFD which refused to authorize plaintiffs to harvest shellfish mechanically within the tract.

[4] Under the version of the Administrative Procedure Act (APA), N.C.G.S. §§ 150B-1 *et seq.* (1991), in effect when plaintiffs' last application was denied 2 July 1992, a person complaining of action

by a state agency might challenge that action by initiating a "contested case" with the Office of Administrative Hearings (OAH), G.S. § 150B-23(a), if that person is "aggrieved" as defined in the APA. A person aggrieved is one "directly or indirectly affected substantially in his or its . . . property . . . by an administrative decision." G.S. § 150B-2(6). Plaintiffs thus qualified as "persons aggrieved" by MFD's denial of their applications to harvest shellfish mechanically.

**[5]** The denials were properly appealable within sixty days thereof by filing of a contested case petition with OAH. G.S. § 150B-23(f). The recommended decision of OAH would thereafter have been reviewed by MFD under G.S. § 150B-36, and only following its final determination would judicial review have become available under G.S. § 150B-43. Indeed, plaintiffs' counsel acknowledged this procedure in his argument before the trial court:

> it's true that had we wanted to object to [the denial of permits], we could have done that, and then they come in and go to the Administrative Law Judge and yes, you've got to realize that once he makes a decision, that's just a recommendation (*sic*) decision, so it goes back to the same board that adopted rules and regulations; if they want to adopt it, rescind it or do anything they want to to it. . . .

While exhaustion of administrative remedies prior to seeking judicial review may not be required in exceptional circumstances, *see Orange County v. North Carolina Dept. of Transportation*, 46 N.C. App. 350, 376-77, 265 S.E.2d 890, 907-08, *disc. review denied*, 301 N.C. 94 (subsequent history not reported in S.E.2d) (1980), allegations of the facts justifying avoidance of the administrative process must be pled in the complaint. *See Huang v. N.C. State University*, 107 N.C. App. 710, 715-16, 421 S.E.2d 812, 815-16 (1992) (summary judgment properly granted when plaintiff failed to allege inadequacy of administrative remedy). The assertion by plaintiffs' counsel to the trial court in oral argument that "we want to come here and we don't want to go to the Marine Fisheries," does not constitute the requisite circumstance. Moreover, such argument may not substitute for supportable allegations, and plaintiffs' complaint was totally devoid of any allegation asserting futility or inadequacy as grounds for failing to pursue administrative review.

Because plaintiffs have not exhausted nor properly pled justifiable avoidance of the legislatively established administrative remedies for denial of permit applications, they may not in the instant

separate action mount a collateral attack by claiming such denial constituted a taking of the franchise under G.S. § 113-206(d). *See Flowers,* 115 N.C. App. at 353, 444 S.E.2d at 639. Absent final agency action, the reviewing court lacks a developed record from which to consider the factual background upon which the agency decision rested, s*ee Presnell,* 298 N.C. at 721-22, 260 S.E.2d at 615, the record bearing special import in cases involving technical matters. *See Leeuwenburg v. Waterway Investment Limited Partnership,* 115 N.C. App. 541, 545, 445 S.E.2d 614, 617 (1994). In the case *sub judice,* the pertinent record before us consists solely of the letters from MFD denying plaintiffs' applications by virtue of the PNA classification.

To summarize, plaintiffs did not exhaust their administrative remedies under G.S. § 150B-1 *et seq.,* for denial of shellfish harvesting permits, and may not collaterally attack the MFD's actions under G.S. § 113-206(e). The trial court thus properly dismissed plaintiffs' complaint for lack of subject matter jurisdiction under N.C.G.S. § 1A-1, Rule 12(b)(1) (1990).

Affirmed.

Judges WYNN and McGEE concur.