Axler v. City of Wilmington

---

ALBERT AXLER v. CITY OF WILMINGTON

No. 745SC894

(Filed 5 March 1975)

**Administrative Law § 5; Municipal Corporations § 29— failure to exhaust administrative remedies — collateral attack**

Where plaintiff did not seek judicial review of an administrative decision ordering the demolition of buildings owned by plaintiff which had been declared unfit for human habitation, plaintiff could not collaterally attack such decision by an independent action seeking injunctive relief pursuant to G.S. 160A-446(f). G.S. 160A-446(e).

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 23 May 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 January 1975.

On 2 April 1974, plaintiff filed a complaint seeking an injunction restraining defendant from demolishing certain buildings owned by him. The action was purportedly filed under the authority of G.S. 160A-446(f).

Judgment dismissing the action was entered.

*Ferguson & Tucker by E. G. Tucker for plaintiff appellant.*

*Burney, Burney, Sperry & Barefoot by David C. Barefoot for defendant appellee.*

VAUGHN, Judge.

The record on appeal in this case was not docketed until 7 October 1974, more than six weeks later than the time permitted by Rule 5 of the Rules of Practice in this Court. No order allowing an extension of time within which to docket has been entered. Plaintiff was granted an extension of time within which to serve the case on appeal. The extension, however, expired on 6 September 1974, and the case on appeal was not tendered to appellee until 7 October 1974. For failure to comply with the rules of this Court, plaintiff's appeal is subject to dismissal. We have, nevertheless, elected to consider the case on its merits.

The purpose of the restraining order authorized by G.S. 160A-446(f) is to protect an aggrieved party until there has been a final determination of a proceeding commenced by authority of Part 6, "Minimum Housing Standards," of G.S. Chap. 160A, Art. 19.

Judicial review of administrative proceedings under a municipal ordinance authorized by the "Minimum Housing Standards" section of Article 19 is by "proceedings in the nature of certiorari instituted within 15 days of the decision of the board, *but not otherwise.*" (Emphasis added.) G.S. 160A-446(e). The purpose of the writ of certiorari is to bring the matter before the Court, upon the evidence presented by the record itself.

Plaintiff did not seek judicial review of the administrative decision about which he now complains, as authorized by the statute. He, instead, ignored them and now attempts to make

a collateral attack by this independent action seeking injunctive relief. Plaintiff failed to utilize the administrative remedies available to him and failed to follow the statutory procedures set out in G.S. 160A-446. For these reasons it was proper to dismiss this action against the city. *Harrell v. City of Winston-Salem,* 22 N.C. App. 386, 206 S.E. 2d 802.

Affirmed.

Judges MARTIN and ARNOLD concur.