JUSTICE FOR ANIMALS, INC. AND HELEN WALKER, INDIVIDUALLY, PLAINTIFFS V. ROBESON COUNTY, BILL SMITH, DIRECTOR OF ROBESON COUNTY HEALTH DEPARTMENT, HUGH COLE, DIRECTOR, ROBESON COUNTY ANIMAL CONTROL FACILITY, DEFENDANTS

No. COA02-1336

(Filed 18 May 2004)

**1. Administrative Law— exhaustion of remedies—aggrieved persons—cruelty to animals**

Plaintiffs were aggrieved persons under statutes and ordinances concerning the euthanasia of animals. They therefore fell within the requirement that administrative procedures be exhausted before recourse to the courts, and defendants' motion for a Rule 12(b)(6) dismissal was correctly granted. The General Assembly has expressed its intent that the broadest category of persons be deemed a real party in interest when contesting cruelty to animals. N.C.G.S. §§ 19A-1, 19A-2.

**2. Animals— euthanasia—board of health rules—exhaustion of administrative remedies**

Plaintiffs' claims concerning the euthanasia of animals were properly dismissed for failure to exhaust administrative remedies because their claims concerned the enforcement of rules adopted by a local board of health and thus fell within the scope of N.C.G.S. § 130A-24(b).

**3. Statutes— interpretation—use of conjunctive**

The use of the conjunctive "and" in N.C.G.S. § 130A-24(b) did not mean that an appeal involving a county's euthanasia of animals had to involve both the enforcement of rules and administrative penalties. Courts may substitute "or" for "and" (and vice versa) to preserve constitutionality or give effect to legislative intent. Here, the General Assembly must have intended to allow an appeal on either ground because the imposition of administrative penalties will always involve the enforcement of rules.

**4. Administrative Law— exhaustion of administrative remedies—inadequate remedies—failure to allege**

Plaintiffs' contention that administrative penalties were inadequate in a challenge to a county's euthanasia of animals was correctly dismissed under a Rule 12(b)(6) motion where plaintiffs did not include that contention in their complaint.

Appeal by plaintiffs from an order entered 30 August 2002 by Judge John B. Carter, Jr., in Robeson County District Court. Heard in the Court of Appeals 12 June 2003.

*William A. Reppy, Jr. and Larry J. McGlothlin, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Mark A. Davis; and J. Hal Kinlaw, Jr., for defendants-appellees.*

GEER, Judge.

Plaintiffs Justice for Animals, Inc. ("JFA") and Helen Walker appeal from an order granting defendants' motion to dismiss plaintiffs' complaint challenging the euthanasia procedures and record keeping of the Robeson County Animal Control Facility. Because plaintiffs failed to exhaust their administrative remedies, we affirm the trial court's dismissal.

## Facts

On or about 5 November 2001, plaintiffs filed a complaint in Robeson County District Court against defendants Robeson County, the Director of the Robeson County Health Department, and the Director of the Robeson County Animal Control Facility for alleged violations of N.C. Gen. Stat. § 19A-1 *et seq.* (2003) ("Civil Remedy for Protection of Animals"), N.C. Gen. Stat. § 130A-192 (2003) (requiring that dogs and cats be euthanized by approved procedures), N.C. Gen. Stat. § 14-360 (2003) (making cruelty to animals a crime), and a Robeson County ordinance entitled "Rules and Regulations Governing Animal Control in Robeson County." In our review of the trial court's dismissal of this action pursuant to Rule 12(b)(6), we must treat the allegations of the plaintiffs' complaint as true. *Arroyo v. Scottie's Prof'l Window Cleaning*, 120 N.C. App. 154, 155, 461 S.E.2d 13, 14 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996).

According to the complaint, JFA is a non-profit domestic corporation dedicated to the health and welfare and the humane treatment of animals. Plaintiff Walker is a resident of Robeson County and an animal welfare advocate. Plaintiffs contend that the Robeson County Animal Control Facility, a division of the Robeson County Health Department, is handling and killing animals in an inhumane manner causing unnecessary pain, anxiety, and distress in the animals. Specifically, plaintiffs allege that the Robeson County Animal Control

Facility injects animals in their hearts without anesthesia resulting in pain, discomfort, and convulsive behavior, and euthanizes cats with a drug not approved for usage on cats. According to plaintiffs, these procedures are contrary to methods prescribed by the Humane Society of the United States, the American Humane Association, and the American Veterinary Medical Association.

Plaintiffs further allege that the Robeson County Animal Control Facility engages in inadequate record keeping, in violation of state law and Robeson County ordinances. According to plaintiffs' complaint, the inadequate records result in the unnecessary killing of animals before their owners can reclaim them.

Finally, plaintiffs allege that they, together with other animal welfare advocates, have expended time and funds to reform the Animal Control Facility and to provide training to county employees at no expense to the county. Although the Facility has accepted the assistance and represented that reforms were being made, plaintiffs allege that these representations were untrue. Plaintiffs allege that the citizens of Robeson County are exposed to a risk of immediate and irreparable injury should their pets and "useful animals" be impounded at the Animal Control Facility in that impounded animals are "in immediate danger of death, disease, or injury with no reasonable opportunity of an animal or pet owner to save his pet from inhumane destruction."

The complaint alleges that the treatment of animals at the Animal Control Facility is cruel and unlawful under N.C. Gen. Stat. § 19A-1 *et seq.*, § 130A-192, and § 14-360. As relief, plaintiffs sought a permanent injunction "prohibiting [defendants] from maintaining or operating an animal control facility and destroying animals in the manner heretofore complained of or from failing to maintain complete and accurate records by law and making such records available at all reasonable hours."

On 4 January 2002, defendants answered and moved to dismiss the complaint pursuant to Rules 12(b)(1), (2), and (6) of the Rules of Civil Procedure. On 11 July 2002, Judge John B. Carter, Jr. entered a temporary restraining order barring defendants "from continuing the euthanasia process in Robeson County, North Carolina until such time as this matter can be brought on for hearing as to whether or not there should be a preliminary injunction entered ordering preliminary relief, in anticipation of trial[.]" The court scheduled a hearing for 16 July 2002. Following the hearing on 16 July 2002, Judge Carter filed an

order on 30 August 2002 granting the defendants' motion to dismiss pursuant to Rule 12(b)(6) and denying any injunctive relief. Plaintiffs appeal from this order.

## Discussion

[1] It is well-established that "where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). If a plaintiff has failed to exhaust its administrative remedies, the court lacks subject matter jurisdiction and the action must be dismissed. *Shell Island Homeowners Ass'n, Inc. v. Tomlinson*, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999).

Defendants contend that plaintiffs had an adequate administrative remedy under N.C. Gen. Stat. § 130A-24 (2003). N.C. Gen. Stat. § 130A-24 provides:

(b) Appeals concerning the enforcement of rules adopted by the local board of health and concerning the imposition of administrative penalties by a local health director shall be conducted in accordance with this subsection and subsections (c) and (d) of this section. The aggrieved person shall give written notice of appeal to the local health director within 30 days of the challenged action. The notice shall contain the name and address of the aggrieved person, a description of the challenged action and a statement of the reasons why the challenged action is incorrect. Upon filing of the notice, the local health director shall, within five working days, transmit to the local board of health the notice of appeal and the papers and materials upon which the challenged action was taken.

(c) The local board of health shall hold a hearing within 15 days of the receipt of the notice of appeal. The board shall give the person not less than 10 days' notice of the date, time and place of the hearing. On appeal, the board shall have authority to affirm, modify or reverse the challenged action. The local board of health shall issue a written decision based on the evidence presented at the hearing. The decision shall contain a concise statement of the reasons for the decision.

(d) A person who wishes to contest a decision of the local board of health under subsection (b) of this section shall have a right of appeal to the district court having jurisdiction within 30

days after the date of the decision by the board. The scope of review in district court shall be the same as in G.S. 150B-51.

N.C. Gen. Stat. § 130A-24(b)-(d). Plaintiffs, on the other hand, contend that they are not "aggrieved persons" within the meaning of N.C. Gen. Stat. § 130A-24(b) and, therefore, no administrative remedy is available to them.

The term "aggrieved person" is not defined in N.C. Gen. Stat. § 130A-24, but our Supreme Court has held:

> The expression "person aggrieved" has no technical meaning. What it means depends on the circumstances involved. It has been variously defined: "Adversely or injuriously affected; damnified, having a grievance, having suffered a loss or injury, or injured; also having cause for complaint. More specifically the word(s) may be employed meaning adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights."

*In re Assessment of Sales Tax*, 259 N.C. 589, 595, 131 S.E.2d 441, 446 (1963) (quoting 3 C.J.S. *Aggrieved*, p. 350). The Court has recently stressed "that whether a party is a 'person aggrieved' must be determined based on the circumstances of each individual case." *N.C. Forestry Ass'n v. N.C. Dep't of Env't & Natural Res.*, 357 N.C. 640, 644, 588 S.E.2d 880, 882 (2003).

The complaint alleges that conduct of the Animal Control Facility—which falls within the control of the Robeson County Board of Health—is exposing animal owners to a risk that their animals will be killed inhumanely and unnecessarily. While plaintiffs are animal welfare advocates who are in effect representing Robeson County animal owners, "[o]ne may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity." *In re Assessment of Sales Tax*, 259 N.C. at 595, 131 S.E.2d at 446. Under these circumstances, we agree with defendants that plaintiffs are "aggrieved persons" entitled to proceed under N.C. Gen. Stat. § 130A-24, especially in light of the provisions of Ch. 19A of the General Statutes, which govern "Protection of Animals."

The Supreme Court has held that when a statute only sets out procedural rights and duties to resolve disputes between an agency and a "person aggrieved," the courts may look to other "organic statutes" to determine who qualifies as a "person aggrieved" entitled to bring an administrative proceeding under the procedural statute. *Empire*

*Power Co. v. N.C. Dep't of Env't, Health & Natural Res.*, 337 N.C. 569, 583, 447 S.E.2d 768, 776-77 (1994) (holding that the N.C. Administrative Procedure Act "confers procedural rights and imposes procedural duties" while "[t]he organic statute . . . defines those rights, duties, or privileges, abrogation of which provides the grounds for an administrative hearing"). The court must decide whether the individual "is a 'person aggrieved' as defined by the [procedural statute] within the meaning of the organic statute." *Id.* at 588, 447 S.E.2d at 779. *See also In re Denial of Request for Full Admin. Hearing*, 146 N.C. App. 258, 260, 552 S.E.2d 230, 232 ("A person's rights, duties or privileges arise under the relevant organic statute."), *disc. review denied*, 354 N.C. 573, 558 S.E.2d 867 (2001).

Like the North Carolina Administrative Procedure Act, N.C. Gen. Stat. § 130A-24(b)-(d) sets forth only procedural rights for "aggrieved persons" and imposes procedural duties on the local board of health. The statute does not specifically define who has the right to exercise the procedural rights. N.C. Gen. Stat. §§ 19A-1 and 19A-2, however, express the General Assembly's intent that the broadest category of persons or organizations be deemed "[a] real party in interest" when contesting cruelty to animals. Given that the General Assembly viewed "persons" such as plaintiffs to be real parties in interest for the purpose of litigation in court, *see* N.C. Gen. Stat. § 19A-1, we believe that plaintiffs should be considered "aggrieved persons" for the purpose of raising concerns about animal control before local boards of health.

[2] Plaintiffs next contend that even if considered "aggrieved persons," their claims do not fall within the scope of N.C. Gen. Stat. § 130A-24(b). The statute permits "[a]ppeals concerning the enforcement of rules adopted by the local board of health and concerning the imposition of administrative penalties by a local health director[.]" Plaintiffs argue that their claims do not concern the enforcement of rules adopted by the local board of health. Webster's Third New International Dictionary 470 (1968) defines "concerning" as meaning "relating to: regarding, respecting, about[.]" In short, the scope of appeals under N.C. Gen. Stat. § 130A-24(b) is broad.

Plaintiffs' complaint attached the applicable board of health rules and specifically alleged that the Animal Control Facility was failing to comply with the record keeping provisions of those rules. The rules repeatedly provide that animals must be destroyed "in a humane manner." By alleging that the Animal Control Facility kills animals in an

inhumane manner, plaintiffs' complaint necessarily alleges that defendants have failed to properly enforce the Robeson County Board of Health rules. We hold that plaintiffs' claims relate to and thus "concern[] the enforcement of rules adopted by the local board of health . . . ."

[3] Plaintiffs argue alternatively that the use of the conjunctive "and" in N.C. Gen. Stat. § 130A-24(b) means that the appeal must involve both (1) the enforcement of rules and (2) the imposition of administrative penalties. This Court has previously recognized that "courts, in interpreting statutes and regulations, may substitute 'and' for 'or', and vice versa, where necessary to preserve the constitutionality of the law or to give full effect to the legislative intent, when the context so indicates." *Pamlico Marine Co., Inc. v. N.C. Dep't of Natural Res. & Cmty. Dev.*, 80 N.C. App. 201, 207, 341 S.E.2d 108, 112-13 (1986). *See also Peacock v. Lubbock Compress Co.*, 252 F.2d 892, 893 n.1 (5th Cir.) ("The words 'and' and 'or' when used in a statute are convertible, as the sense may require. A substitution of one for the other is frequently resorted to in the interpretation of statutes, when the evident intention of the lawmaker requires it."), *cert. denied*, 356 U.S. 973, 2 L. Ed. 2d 1147, 78 S. Ct. 1136 (1958). Our review of the grammatical structure of the statutory provision reveals that the General Assembly must have intended to allow an appeal either to challenge the enforcement of rules or to challenge the imposition of administrative penalties. Plaintiffs' construction would render the portion relating to "the enforcement of rules" meaningless since the imposition of administrative penalties will always involve the enforcement of rules. *See State v. Buckner*, 351 N.C. 401, 408, 527 S.E.2d 307, 311 (2000) (if possible, a statute must be interpreted so as to give meaning to all of its provisions).

[4] Finally, plaintiffs contend that the relief offered by the administrative proceedings is inadequate. Plaintiffs are correct that the exhaustion requirement may be excused if the administrative remedy would be futile or inadequate. *Huang v. N.C. State Univ.*, 107 N.C. App. 710, 715, 421 S.E.2d 812, 815 (1992). In order, however, to rely upon futility or inadequacy, "allegations of the facts justifying avoidance of the administrative process must be pled in the complaint." *Bryant v. Hogarth*, 127 N.C. App. 79, 86, 488 S.E.2d 269, 273, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 406 (1997). *See also Jackson v. N.C. Dep't of Human Res.*, 131 N.C. App. 179, 186, 505 S.E.2d 899, 904 (1998) ("The burden of showing inadequacy [of the administrative remedy] is on the party claiming inadequacy, who must include such

allegations in the complaint."), *disc. review denied,* 350 N.C. 594, 537 S.E.2d 213 (1999). In this case, plaintiffs' complaint fails to allege either the inadequacy or the futility of the administrative remedy.

To summarize, plaintiffs had administrative remedies available to them under N.C. Gen. Stat. § 130A-24 that they did not exhaust. Because they failed to plead a basis for avoiding the exhaustion requirement, the trial court correctly dismissed the plaintiffs' complaint for lack of subject matter jurisdiction. *Bryant,* 127 N.C. App. at 87, 488 S.E.2d at 274.

Affirmed.

Judges McGEE and BRYANT concur.