HUNTER, Judge.
William Dean ("plaintiff") appeals the trial court's dismissal of his complaint seeking a preliminary injunction and temporary restraining order to prevent the demolition of his home located in Charlotte, North Carolina. He also sought review of the city's decision to demolish his home. After granting the temporary restraining order, the trial court determined plaintiff had failed to exhaust all of his administrative remedies and dismissed his complaint. We affirm the trial court's dismissal.
Plaintiff is the owner of a duplex located at 912 and 914 Harrell Street in Charlotte, North Carolina. On 8 May 2003, the City of Charlotte Neighborhood Development Department notified plaintiff that a housing rehabilitation specialist had found several housing code violations at his property. Plaintiff was sent, via certified mail, a copy of a complaint, a list of the violations, and notice of a hearing to be held on 11 June 2003. The list of violations included, among other things, inoperable windows, overgrown vegetation in the yard, junk, trash and debris in the yards, porches and crawl spaces, holes in the exterior siding, holes in the foundation, inoperable locks, damaged screen doors, torn flooring, decayed floors, and excessive amounts of personal belongings. Plaintiff was informed that at the hearing a final determination would be made as to whether housing code violations existed on the property. He was also informed that he could make an appearance at the hearing and was provided a copy of the housing code enforcement process summary. However, plaintiff was unable to attend the hearing due to a family emergency in another state. The Neighborhood Development Department did not reschedule the hearing.
At the 11 June 2003 hearing, the Neighborhood Development Department determined plaintiff's property was in violation of one or more of the minimum standards of fitness and that the property could not be repaired, altered, or improved at a cost of less than 65% of the value of the dwelling. Plaintiff was ordered to vacate and either remove or demolish his property by Monday, 14 July 2003. He was informed he had the option to bring his property into compliance with the housing code. Plaintiff appealed the order to the Housing Appeals Board. On 18 July 2003, plaintiff received a letter notifying him his appeal would be heard on 12 August 2003, and that each side would have ten minutes to present their argument. Plaintiff was able to attend this proceeding, however, he contends the time limitation deprived him of a reasonable opportunity to be heard.[1] The Housing Appeals Board secretary sent plaintiff a letter on 21 August 2003 indicating the Housing Appeals Board adopted a motion on 12 August 2003 ordering him to complete the repairs on his property within thirty days from the 12 August 2003 hearing. If the repairs were not completed, plaintiff was informed the order to demolish would be reinstated. Thereafter, on 27 August 2003, the code enforcement supervisor sent plaintiff a letter clarifying that if the repairs were not completed within thirty days of 12 August 2003, the demolition order would be reinstated. Also, the letter informed him he had to appeal within fifteen days from the date of the Housing Appeals Board's decision. A copy of the Housing Appeals Board's order was not sent to plaintiff and a copy of the order is not in the record.
On 9 February 2004, the demolition of plaintiff's property was authorized by an ordinance passed by the Charlotte City Council. Plaintiff filed a complaint on 20 February 2004 requesting a preliminary injunction and temporary restraining order to prevent the demolition of his residence. In his complaint, he also appealed the 12 August 2003 decision of the Housing Appeals Board. On 23 February 2004, a temporary restraining order was issued. However, on 4 March 2004, plaintiff's motion for a preliminary injunction was denied and his civil complaint was dismissed because plaintiff had failed to exhaust all of his administrative remedies. The trial court granted an injunction enjoining the City of Charlotte from demolishing plaintiff's residence during the pendency of plaintiff's appeal.
The standard of review of an order granting a motion to dismiss for lack of subject matter jurisdiction is de novo. Fuller v. Easley, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001). Similarly, "on appeal from an order of superior court granting or denying a preliminary injunction, an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." A.E.P. Industries v. McClure, 308 N.C. 393, 402, 302 S.E.2d 754, 760 (1983).
As explained in Monroe v. City of New Bern, 158 N.C. App. 275, 580 S.E.2d 372 (2003):
If a city wishes to destroy a dwelling that does not pose an imminent threat to the public, then the city must follow the procedures required by N.C. Gen. Stat. §§ 160A-441 through 160A-450.
"N.C. Gen. Stat. § 160A-441 confers upon cities and counties the power to exercise their police powers by adopting and enforcing ordinances ordering a property owner to repair, close, or demolish dwellings that are determined to be unfit for human habitation and therefore dangerous and injurious to the health and safety of the public."
Newton v. City of Winston-Salem, 92 N.C. App. 446, 449, 374 S.E.2d 488, 490 (1988). The enabling legislation provides that an ordinance adopted by a city to regulate buildings unfit for human habitation must contain certain procedures that the city must follow prior to demolition of a dwelling including providing the owner with notice, a hearing, and a reasonable opportunity to bring his or her dwelling into conformity with the housing code. N.C. Gen. Stat. § 160A-443.
Id. at 279, 580 S.E.2d at 375. In the case sub judice, the City of Charlotte has adopted an ordinance pursuant to N.C. Gen. Stat. §§ 160A-441 through 160A-450, setting out the necessary procedures for the City to follow in its demolition of a dwelling.
According to N.C. Gen. Stat. § 160A-446(e) (2003), and Charlotte Housing Code § 11-28(d), "[e]very decision of the [housing appeals board] shall be subject to review by proceedings in the nature of certiorari instituted within 15 days of the decision of the board, but not otherwise." Plaintiff did not request review by the superior court within fifteen days. The 27 August 2003 letter informed plaintiff he had fifteen days in which to seek court review of the Housing Appeals Board's decision. Even though plaintiff was not notified of the fifteen day requirement until the fifteen days had elapsed, plaintiff still did not seek review in the superior court within fifteen days of notification. Instead, nearly six months later, plaintiff sought a preliminary injunction and temporary restraining order to prevent the demolition of his property. "Plaintiffs must exhaust the administrative remedies available to them, and they cannot be allowed to undermine the prescribed statutory procedure set forth in G.S. 160A-446." Harrell v. City of Winston-Salem, 22 N.C. App.386, 391-92, 206 S.E.2d 802, 806 (1974). Accordingly, the trial court properly dismissed plaintiff's complaint.
Even assuming, however, plaintiff's complaint was properly before the superior court, we note the City of Charlotte complied with the requisite procedures necessary to demolish a dwelling. N.C. Gen. Stat. § 160A-443(5) allows a city to demolish a dwelling if the owner fails to comply with an order to remove or demolish. On 9 February 2004, the City of Charlotte enacted such an ordinance regarding plaintiff's property. According to N.C. Gen. Stat. § 160A-443, "[n]o such ordinance shall be adopted to require demolition of a dwelling until the owner has first been given a reasonable opportunity to bring it into conformity with the housing code." N.C. Gen. Stat. § 160A-443(5) (2003). In this case, the City of Charlotte did not adopt a demolition ordinance until nearly six months after the Housing Appeals Board's decision and approximately nine months after the housing code violation complaint was initiated. This time period was a reasonable amount of time within which plaintiff could have corrected the housing code violations.
Accordingly, we conclude the trial court did not erroneously dismiss plaintiff's complaint seeking review of the Housing Appeals Board's decision and requesting a preliminary injunction. The trial court lacked subject matter jurisdiction as plaintiff failed to exhaust all administrative remedies. Moreover, we conclude the City of Charlotte provided plaintiff a reasonable amount of time within which to fix any housing code violations. Affirmed.
Judges CALABRIA and JACKSON concur.
Report per Rule 30(e).

As we have concluded the trial court properly dismissed his complaint, we do not address this contention.