*660
 
 MURPHY, Judge.
 

 *614
 
 Adam T. Cheatham, Sr. ("Cheatham") appeals from the trial court's order allowing Town of Taylortown's ("Taylortown") motion to dismiss for lack of subject matter jurisdiction. On appeal, he contends that the trial court erred by granting the motion to dismiss for lack of subject matter jurisdiction because Taylortown's attempts to enforce its minimum housing standards: (1) violated his property rights; (2) obstructed justice; and (3) deprived him of procedural due process. We disagree that the trial court erred to the extent Cheatham's claims arise from enforcement actions made pursuant to Taylortown's Minimum Housing Ordinance ("the Ordinance") because Cheatham failed to exhaust his administrative remedies as to these claims before filing his complaint. However, we agree with Cheatham that the dismissal was not proper as to his claims that arose prior to the adoption of the Ordinance. The trial court incorrectly determined all of Cheatham's claims arose from actions taken pursuant to the Ordinance. We reverse and remand for the trial court to reconsider whether subject matter jurisdiction exists as to Cheatham's claims accruing prior to the Ordinance's adoption.
 

 Background
 

 Sometime in early 2014, Taylortown affixed a "condemned" sign to the home at 128 Burch Drive in Taylortown ("the Property") after finding it to be in deplorable condition. The owner of the Property, Cheatham, claims he removed the sign in March 2014. It is unclear whether this occurred before or after 4 April 2014, when Moore County Building Inspections investigated a complaint that sewage was standing around the Property's well. At the time of the investigation, the Property was unoccupied. As a result of the investigation, the Moore County Health Department's Environmental Section reported that the standing water around the well "appears to be run off water and not sewage." It recommended that the well be abandoned if public water was available, or, if public water was not available, the well be tested before used for human consumption.
 

 On 27 May 2014, Cheatham attended a town meeting to request an explanation as to the condemnation of the Property. That same day, he submitted a letter documenting this request. In response, Taylortown sent him a letter, dated 30 May 2014, notifying Cheatham that his house had been inspected, and, due to the condition of the house and the land, a hearing would be scheduled. The letter further explained Cheatham would be informed of a hearing date by certified mail. Cheatham subsequently filed a lawsuit in Moore County Superior Court against Taylortown.
 
 [1]
 
 Well over a year after the condemned sign was posted and
 
 *615
 
 Cheatham was notified that a hearing would be scheduled, Cheatham took a voluntary dismissal in his first case against Taylortown.
 
 [2]
 

 After sending the 30 May 2014 letter, Taylortown made no effort to schedule a hearing or condemn the Property. On 19 June 2015, Taylortown adopted the Ordinance pursuant to N.C.G.S. §§ 160A-441 through 160A-450 (2015). Cheatham filed a new complaint on 21 March 2016, which is now before us on appeal.
 

 On 22 March 2016, before Cheatham served Taylortown with the summons and complaint, Taylortown investigated the Property pursuant to the authority and procedures in the Ordinance. On 25 March 2016, once Taylortown received the summons and complaint, it filed a motion to dismiss for lack of subject matter jurisdiction under North Carolina Rule of Civil Procedure 12(b)(1) based on Cheatham's failure to exhaust administrative remedies and under 12(b)(6) for failure to state a claim. In response, Cheatham filed a motion to deny the motion to dismiss, attaching 15 exhibits, including 6 letters that Cheatham maintains he sent to Taylortown about the Property from June 2014 up until after the motion to dismiss was filed in April 2016.
 

 Judge Webb heard Taylortown's motion to dismiss on 11 April 2016. During the hearing,
 
 *661
 
 Cheatham "request[ed] that [Taylortown] stop continuing to be reckless, malicious and unlawful condemning the property for a second time, and stop the retaliation against [him] by condemning the property for a second time." Judge Webb granted Taylortown's motion, and ordered the dismissal of the action under Rule 12(b)(1), finding "[Cheatham's] claims arise out of [Taylortown's] attempts to enforce its Minimum Housing Ordinance and that [Cheatham] has fail[ed] to exhaust his administrative remedies, as provided in N.C.G.S. § 160A-446."
 
 [3]
 
 Cheatham timely appealed the trial court's order.
 

 Analysis
 

 Cheatham argues that the motion to dismiss for lack of subject matter jurisdiction should have been denied because Taylortown's attempts to enforce its minimum housing standards: (1) violate the "Bundle of Rights" given to all property owners under the law of the land, describing these rights as the owner's right to enter, use, sell, lease, or give away the land as he chooses; (2) obstruct justice; and (3) violate procedural due process.
 

 *616
 
 We disagree to the extent Taylortown's enforcement efforts were made pursuant to the Ordinance. Cheatham's suit was properly dismissed for failure to exhaust administrative remedies as to any efforts made after 19 June 2015-the effective date of the Ordinance. However, the trial court incorrectly determined that all of Cheatham's claims arose out of Taylortown's attempts to enforce the Ordinance, which is factually incorrect as Taylortown adopted the Ordinance after alleged wrongs in the complaint took place.
 

 North Carolina Rule of Civil Procedure 12(b)(1) "permits a party to contest, by motion, the jurisdiction of the trial court over the subject matter in controversy."
 
 Trivette v. Yount
 
 ,
 
 217 N.C.App. 477
 
 , 482,
 
 720 S.E.2d 732
 
 , 735 (2011). Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction are reviewed by our court de novo, and matters outside the pleadings may be considered.
 
 Id
 
 . at 482,
 
 720 S.E.2d at 735
 
 (citation omitted).
 

 The legislature enacted N.C.G.S § 160A-441 et seq. to ensure "that minimum housing standards would be achieved in the cities and counties of this State."
 
 Harrell v. City of Winston-Salem
 
 ,
 
 22 N.C.App. 386
 
 , 391,
 
 206 S.E.2d 802
 
 , 806 (1974). To do so, section 160A-441 "confers upon cities and counties the power to exercise their police powers by adopting and enforcing ordinances ordering a property owner to repair, close, or demolish dwellings that are determined to be unfit for human habitation and therefore dangerous and injurious to the health and safety of the public."
 
 Newton v. City of Winston-Salem
 
 ,
 
 92 N.C.App. 446
 
 , 449,
 
 374 S.E.2d 488
 
 , 490 (1988). Such city ordinances must contain procedures to provide owners with notice, a hearing, and a reasonable opportunity to bring deficient dwellings into conformity with the code. N.C.G.S. § 160A-443. N.C.G.S. § 160-446 delineates the remedies available in N.C.G.S. § 160A-441 et seq.
 

 Taylortown adopted the Ordinance pursuant to N.C.G.S. §§ 160A-441 through 160A-450, setting out the necessary procedures for the city to follow in minimum housing cases. The procedure set out in the Ordinance and N.C.G.S. §§ 160A-441 through 160A-450 cannot be circumvented; plaintiffs must exhaust the administrative remedies available provided by statute "before recourse may be had to the courts."
 
 Justice for Animals, Inc. v. Robeson Cty.
 
 ,
 
 164 N.C.App. 366
 
 , 369,
 
 595 S.E.2d 773
 
 , 775 (2004) (quotation omitted);
 
 Harrell
 
 ,
 
 22 N.C.App. at 391-92
 
 ,
 
 206 S.E.2d at 806
 
 (citations omitted). If administrative remedies specifically provided by statute are not exhausted before alternative recourse is sought through the courts, "the court lacks subject matter jurisdiction and the action must be dismissed."
 
 Justice for Animals, Inc.
 
 ,
 
 164 N.C.App. at 369
 
 ,
 
 595 S.E.2d at 775
 
 (citation omitted).
 

 *617
 
 Under the Ordinance, Cheatham did not exhaust his administrative remedies before seeking judicial review as required by
 
 *662
 
 statute. The proper course of action for a person aggrieved under the Ordinance would be to present the case at a minimum housing hearing pursuant to N.C.G.S. § 160A-441 et seq., and then, if he remained unsatisfied, to appeal that decision to the Board as permitted by statute. N.C.G.S. § 160A-446. If his appeal to the Board was unsuccessful, he would then have the ability to seek review in Superior Court by proceedings in the nature of certiorari.
 
 Id
 
 . § 160A-446(e).
 

 Instead of following this procedure, Cheatham ignored N.C.G.S. § 160A-441 et seq. and the Ordinance, attempting to collaterally attack the minimum housing standards enforcement proceedings through this independent action. Thus, as he failed to follow statutory procedure, to the extent his claims arose after 19 June 2015 out of Taylortown's attempts to enforce the Ordinance, it was proper for the trial court to dismiss this action for lack of subject matter jurisdiction.
 
 See
 

 Axler v. City of Wilmington
 
 ,
 
 25 N.C.App. 110
 
 , 111,
 
 212 S.E.2d 510
 
 , 511-12 (1975) (dismissing the action because the plaintiff failed to exhaust the administrative remedies available in N.C.G.S. § 160A-446 ).
 

 However, Cheatham's claims arising prior to the Ordinance's enactment on 19 June 2015 do not arise out of Taylortown's attempts to enforce the Ordinance. Thus, the trial court's determination that Cheatham's "claims arise out of [Taylortown's] attempts to enforce its Minimum Housing Ordinance" is in error. We remand for the trial court to reconsider whether Cheatham's claims arising on or prior to 19 June 2015 may be subject to dismissal under either Rule 12(b)(1) or 12(b)(6) of the North Carolina Rules of Civil Procedure.
 

 Conclusion
 

 For the reasons stated above, the trial court correctly dismissed Cheatham's case for lack of subject matter jurisdiction to the extent the claims involve enforcement actions made after 19 June 2015 pursuant to the Ordinance. However, the trial court incorrectly determined that all of Cheatham's claims were made pursuant to the Ordinance. We remand for further consideration as to enforcement actions occurring on or prior to 19 June 2015, the effective date of the Ordinance.
 

 AFFIRMED IN PART; REMANDED FOR FURTHER CONSIDERATION IN PART.
 

 Judges CALABRIA and DIETZ concur.
 

 [1]
 

 The record is not clear as to the date Cheatham filed this first suit.
 

 [2]
 

 Subsequent to the dismissal, Cheatham made a motion to set aside his voluntary dismissal, which the trial court denied on 10 December 2015.
 

 [3]
 

 Having dismissed the case in accordance with Rule 12(b)(1), the trial court did not reach Taylortown's 12(b)(6) motion.