ARROWOOD, Judge.
Adam T. Cheatham, Sr. ("plaintiff") appeals from an order granting the Town of Taylortown ("defendant" or "Taylortown")'s motion to dismiss plaintiff's complaint with prejudice. For the reasons stated herein, we affirm the order of the trial court.
I. Background
In early 2014, defendant inspected plaintiff's property, located at 128 Burch Drive in Taylortown, and determined it was in an unacceptable condition. Defendant affixed a sign to the property indicating it was condemned, which plaintiff removed. In late May, plaintiff attended a town meeting to request an explanation for the condemnation and began to send various letters making the same request. On 30 May 2014, defendant notified plaintiff that the town inspected his property and, due to the property's condition, a minimum housing hearing would be scheduled. Sometime thereafter, plaintiff filed a suit against defendant, which plaintiff later voluntarily dismissed.
Plaintiff filed a second summons and complaint against defendant related to defendant's efforts to condemn the property on 21 March 2016. In addition to the allegation that defendant wrongfully posted a condemned sign to plaintiff's property, the complaint includes the allegation that a Taylortown police officer threatened plaintiff to keep him from entering his property. Defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure based on plaintiff's failure to exhaust administrative remedies and under Rule 12(b)(6) for failure to state a claim.
The motion came on for hearing before the Honorable James M. Webb in Moore County Superior Court on 11 April 2016. On 18 April 2016, the trial court granted defendant's motion to dismiss pursuant to Rule 12(b)(1), finding plaintiff's claims arise out of defendant's attempts to enforce its minimum housing ordinance, and that plaintiff failed to exhaust his administrative remedies, as provided in N.C. Gen. Stat. § 160A-446. Plaintiff appealed.
Our Court considered plaintiff's appeal in Cheatham v. Town of Taylortown ("Cheatham I") , --- N.C. App. ----, 803 S.E.2d 658 (2017) (unpublished). Cheatham I distinguished defendant's enforcement actions that took place before and after 19 June 2015, the effective date of Taylortown's current minimum housing ordinance. Id. at ----, 803 S.E.2d at 662. The Court held that the trial court did not err by dismissing the portion of plaintiff's appeal arising after the effective date of the ordinance pursuant to Rule 12(b)(1) because plaintiff failed to exhaust his administrative remedies delineated in the ordinance before seeking judicial review, as required by statute. Id. at ----, 803 S.E.2d at 661-62. However, because the trial court ruled plaintiff's claims arose out of Taylortown's minimum housing ordinance, adopted "[o]n 19 June 2015 ... pursuant to [N.C. Gen. Stat.] §§ 160A-441 through 160A-450 (2015)[,]" id. at ----, 803 S.E.2d at 660, our Court remanded "for further consideration as to enforcement actions occurring on or prior to 19 June 2015, the effective date of the Ordinance." Id. at ----, 803 S.E.2d at 662 (emphasis added).
Pursuant to our Court's remand, the trial court heard this matter on 26 October 2017, and again on 14 December 2017 in Moore County Superior Court, the Honorable James M. Webb presiding.
The trial court found defendant "did in fact have in place a Minimum Housing Ordinance prior to June 19, 2015, and on that date, the Town adopted a new Minimum Housing Ordinance. Plaintiff's claims, both prior to and after June 19, 2015, arise out of the Town's attempts to enforce its Minimum Housing Ordinance." As a result, the trial court ruled "[p]laintiff failed to exhaust his administrative remedies concerning issues he had with the Town's enforcement efforts, by failing to appeal to the Board of Adjustment pursuant to G.S. 160A-446 [,]" and dismissed the complaint for lack of subject matter jurisdiction.
Plaintiff appeals.
II. Discussion
Plaintiff raises three arguments on appeal. First he argues the trial court erred by granting defendant's motion to dismiss because doing so: (1) violated the "bundle of rights" given to all property owners under the law of the land, describing these rights as the owner's right to enter, use, sell, lease, or give away the land as he chooses; (2) obstructed justice; and (3) violated procedural due process. Second, he argues the trial court erred by failing to enforce its own subpoenas. Third, he argues the trial court failed to hear and rule on various motions. However, we need only address plaintiff's first argument because the trial court did not err when it dismissed plaintiff's complaint for lack of subject matter jurisdiction.
Our Court reviews Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo . Trivette v. Yount , 217 N.C. App. 477, 482, 720 S.E.2d 732, 735 (2011) (citation omitted). "Pursuant to the de novo standard of review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." Id. (citation and internal quotation marks omitted) (alteration in original).
It is well-established that a court lacks subject matter jurisdiction if administrative remedies specifically provided by statute are not exhausted before recourse is sought through the courts. Justice for Animals, Inc. v. Robeson Cty. , 164 N.C. App. 366, 369, 595 S.E.2d 773, 775 (2004) (citation omitted). Here, defendant contends, and the trial court ruled, plaintiff failed to exhaust the administrative remedies provided in N.C. Gen. Stat. § 160A-441 et seq. We agree.
The General Assembly enacted N.C. Gen. Stat. § 160A-441 et seq. to ensure "minimum housing standards would be achieved in the cities and counties of this State[,]" Harrell v. City of Winston-Salem , 22 N.C. App. 386, 391, 206 S.E.2d 802, 806 (1974), by conferring "upon cities and counties the power to exercise their police powers by adopting and enforcing ordinances ordering a property owner to repair, close, or demolish dwellings that are determined to be unfit for human habitation and therefore dangerous and injurious to the health and safety of the public." Newton v. City of Winston-Salem , 92 N.C. App. 446, 449, 374 S.E.2d 488, 490 (1988) (citation omitted).
Pursuant to this power, " [N.C. Gen. Stat.] § 160A-443 authorizes a public officer," as defined in [N.C. Gen. Stat.] § 160A-442(7), "to enforce ordinances relating to unfit and unsafe dwellings by ordering the repair, alteration, or improvement of dwellings or the removal or demolition of such buildings." Harrell , 22 N.C. App. at 391, 206 S.E.2d at 806. "[T]he administrative remedies which are available to a property owner who is aggrieved by an order of a public officer" are delineated in N.C. Gen. Stat. § 160A-446. Id.
The record shows Taylortown adopted a minimum housing ordinance pursuant to N.C. Gen. Stat. §§ 160A-441 through 160A-450 on 25 July 1995 ("the 1995 ordinance"), which set out the necessary procedures for the city to follow in minimum housing cases. On 19 June 2015, Taylortown adopted a new minimum housing ordinance to replace the 1995 ordinance. The proper course of action for an individual who is aggrieved under the 1995 ordinance is the same procedure delineated in the 2015 ordinance. The aggrieved person should:
present the case at a minimum housing hearing pursuant to [N.C. Gen. Stat.] § 160A-441 et seq. , and then, if he remained unsatisfied, to appeal that decision to the Board as permitted by statute. [N.C. Gen. Stat.] § 160A-446. If his appeal to the Board was unsuccessful, he would then have the ability to seek review in Superior Court by proceedings in the nature of certiorari. Id. § 160A-446(e).
Cheatham I , --- N.C. App. at ----, 803 S.E.2d at 662. Plaintiff failed to follow this procedure. Instead, he attempted to collaterally attack the minimum housing standards enforcement proceedings through this independent action. In so doing, he failed to exhaust the administrative remedies available to him through N.C. Gen. Stat. § 160A-446, which cannot be circumvented. Therefore, the trial court lacked subject matter jurisdiction to consider the complaint in this case, and properly dismissed the action on this basis. See Justice for Animals, 164 N.C. App. at 369, 595 S.E.2d at 775 (quotation omitted); Harrell , 22 N.C. App. at 391-92, 206 S.E.2d at 806 (citations omitted).
III. Conclusion
For the foregoing reasons, the trial court did not err by dismissing plaintiff's case for lack of subject matter jurisdiction.
AFFIRMED.
Report per Rule 30(e).
Judges DILLON and MURPHY concur.